Donald H. **ALBRECHT,**
**Plaintiff–Appellant,**

and

**Joanne Albrecht, et al., Plaintiffs,**

v.

**William S. LUND, Defendant–Appellee.**

No. 86–6155.

United States Court of Appeals,
Ninth Circuit.

Sept. 8, 1988.

Richard H. Floum and Greg David Derin, Dern, Mason & Floum, Los Angeles, Cal., for plaintiff-appellant.

John J. McCauley, Paul, Hastings, Janofsky & Walker, Costa Mesa, Cal., for defendant-appellee.

Before WALLACE, BEF _ER and HALL, Circuit Judges.

Our opinion in this case, published at 845 F.2d 193 (9th Cir.1988), is amended by substituting the following in lieu of the fifth paragraph of section III:

Amending the complaint to allege more facts concerning Lund's conversation with the attorneys would not repair the defects in Albrecht's causes of action. Regardless of the substance of the conversation between Lund and the partnership's attorneys, Lund's representation to Albrecht that he believed an adverse jury verdict was a distinct possibility could not be a misrepresentation. Lund's statement concerned his own beliefs, and Albrecht does not allege as the basis of his claims that Lund did not believe his own opinion to be true.[1] Thus, Albrecht's causes of action for fraud and breach of fiduciary duty must necessarily fail and denial of leave to amend was proper.[2]

For similar reasons, alleging more facts concerning the conversation between Lund and the attorneys would not repair Albrecht's cause of action for constructive fraud. For Lund's statement to provide the basis for such a claim, Albrecht must allege that Lund's statement was misleading. *See* Cal.Civ.Code § 1573 (West 1982). Lund's statement that an adverse verdict was a distinct possibility, however, could not have misled Albrecht.

With this amendment, the petition for rehearing is *DENIED*.

---

**1.** Albrecht's complaint is contradictory with respect to exactly what Lund allegedly communicated to Albrecht. In paragraph 10, Albrecht alleges that "Lund stated that he believed that [an adverse verdict] was a distinct possibility based upon discussions he had just had with Plaintiffs' and Lund's attorneys...." In paragraph 23, however, Albrecht alleges that Lund "represented that Plaintiffs' and Lund's attorneys in the Lawsuit had just indicated to him that an adverse verdict on the counter-claims was a distinct possibility." Regardless, accepting as true the facts as alleged in the complaint and construing them in the light most favorable to the nonmoving party, *Western Oil & Gas Co. v. New,* 765 F.2d 1428, 1430 (9th Cir.1985), *cert. denied,* 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 773 (1986), we agree with the district court that Lund's statement cannot constitute a misrepresentation.

**2.** We note that Albrecht is correct in asserting that an active misrepresentation need not be pled to properly allege a claim of breach of fiduciary duty. *See, e.g., Amen v. Merced County Title Co.,* 58 Cal.2d 528, 534, 25 Cal.Rptr. 65, 67, 375 P.2d 33, 35 (1962); *Vai v. Bank of America Nat'l Trust & Sav. Ass'n,* 56 Cal.2d 329, 339, 15 Cal.Rptr. 71, 77, 364 P.2d 247, 253 (1961). Without an active misrepresentation, however, Albrecht's complaint necessarily fails. As noted above, Albrecht has failed to allege sufficient facts that would otherwise support a claim of breach of fiduciary duty.