990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph QUINTERO; Evelyn Quintero, individually and on
behalf of their minor daughter, Andrea Quintero,
Plaintiffs-Appellants,
v.
NAPA STATE HOSPITAL, et al., Defendants-Appellees.
 No. 91-16350.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 1, 1993.*
Decided March 22, 1993.
 
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph and Evelyn Quintero, individually and "on behalf of their minor daughter Andrea" appeal the district court's dismissal of their complaint with prejudice. We affirm the dismissal of the action against Napa State Hospital, but reverse the dismissal of the action against the individual doctors with instructions to permit appellants to amend their complaint.
 
 DISCUSSION
 I. Napa State Hospital
 
 3
 The hospital is described in the complaint as an "agency of the State of California." "A suit against a state agency is considered to be a suit against the state, and thus is barred by the Eleventh Amendment." Shaw v. California Dept. of Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir.1986). On the basis of this allegation, dismissal of Napa State Hospital was proper.
 
 
 4
 The primary factor used to determine whether a particular governmental unit is an arm of the state is whether the money judgment would be satisfied out of state funds. Belanger v. Madera Unified School Dist., 963 F.2d 248, 250 (9th Cir.), petition for cert. filed, 61 U.S.L.W. 3500 (U.S. Dec. 30, 1992). It is apparent beyond a doubt that appellants could allege and prove no set of facts in support of the claim against Napa State Hospital which would entitle them to relief. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). Therefore, because an amendment would be futile, Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir.), modified, 856 F.2d 111 (1988), we affirm dismissal of the action against Napa State Hospital.
 
 II. The Individual Doctors
 
 5
 The complaint reads more like a state negligence action for medical malpractice, which is not cognizable under section 1983. Daniels v. Williams, 474 U.S. 327, 328 (1986). Appellants stated conclusory allegations of gross negligence and recklessness in their complaint. Such vague and conclusory allegations are not sufficient to withstand a Rule 12(b)(6) motion. Richards v. Harper, 864 F.2d 85, 88 (9th Cir.1988); Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 6
 However, it is not apparent beyond a doubt that appellants could plead and prove no set of facts that would permit them to recover. Therefore, while dismissal of the complaint was proper, appellants should have been given leave to amend their clearly deficient complaint. See Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, 113 S.Ct. 599 (1992) (leave to amend proper "only if there is a distinct claim cognizable in a federal court and consistent with the facts and allegations set forth in [their] complaint that [they] might plead").
 
 III. Standing
 
 7
 The district court also held that Joseph and Evelyn lacked standing to pursue claims on behalf of their daughter. While this may technically be true, Fed.R.Civ.P. 17 provides protection for the minor daughter in these circumstances:
 
 
 8
 An infant ... who does not have a duly appointed representative may sue by next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant ... not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant....
 
 
 9
 Although the parents perhaps cannot state a claim on their own behalf for anything other than their own damages, this disability is not fatal to presentation of their daughter's claim. A guardian ad litem should be appointed by the district court, unless some other action seems better designed to protect the minor daughter's rights.
 
 CONCLUSION
 
 10
 The dismissal of the action against Napa State Hospital is AFFIRMED. The complaint against the individual doctors was clearly deficient, and the dismissal thereof is AFFIRMED; however, the dismissal of the action against the doctors is REVERSED, and the case is REMANDED to the district court with instructions to permit the plaintiffs to file an amended complaint against the individual doctors and to permit the parties and the district court to comply with Fed.R.Civ.P. 17.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3