993 F.2d 883
 RICO Bus.Disp.Guide 8306
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barbara Gisler KENNERLY, aka Barbara Ann Gisler; Paul
Selwyn Kennerly, Defendants-counterclaimants-Appellants,
v.
Francis GHERINI; Michael W. Binning, dba Law Office of
Taubman, Simpson, Young and Sulentor; Martin C. Bullock,
Executor of the Estate of Margaret C. Reimann; Richard
Richards; and Lowthorp, Richards, McMillan, Miller, Conway
and Templeman; Joe Hadden, Judge; Stanley J. Yates, Esq.;
Robert Shaw, Judge, Counter-defendants-Appellees.
 No. 91-56465.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1993.
Decided May 21, 1993.
 
 Before HALL, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Barbara Gisler Kennerly and Paul S. Kennerly ("the Kennerlys") appeal the district court's dismissal with prejudice of their claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq., ("RICO") and 42 U.S.C. § 1983. They also appeal the district court's dismissal without prejudice of their pendent state law claims. We have jurisdiction pursuant 28 U.S.C. § 1291.
 
 FACTS AND PRIOR PROCEEDINGS
 
 3
 The genesis of this appeal was a dispute regarding the management of a testamentary trust created in 1955 by the will of Margaret R. Gisler, Barbara Gisler Kennerly's paternal grandmother. The Kennerlys acted as successor Trustees from 1977 to 1985. In August of 1984, the Kennerlys' submitted a trust accounting to the Superior Court of Ventura County, seeking $319,500.54 in trustee's fees and costs. Margaret Wise and Gertrude Hall, sisters of Barbara Kennerly and remaindermen of the trust, objected to this accounting. In November of 1985, the Kennerlys were removed as trustees upon Wise and Hall's motion. Margaret Reimann was appointed trustee. After Reimann died, Robert Shaw was appointed trustee.
 
 
 4
 In 1988, the Kennerlys filed for involuntary bankruptcy under Chapter 11. Later, they voluntarily filed Chapter 11 bankruptcies in both 1989 and 1990. In the 1990 bankruptcy, the Kennerlys filed a counterclaim in an adversary proceeding against a litany of defendants, including Barbara Kennerly's sisters; the estate of Margaret Reimann; two trusts; a retired Superior Court Judge, Robert Shaw; a sitting Superior Court Judge, Joe Hadden; five law firms; and seven attorneys. The counter-claim contained seven causes of action, which included two federal causes of action and five pendent state law causes of action. The counter-claim alleged: (1) RICO violations against all defendants; (2) conspiracy to defraud against all defendants; (3) unfair business practices under the California Business and Professions Code against all defendants; (4) breach of fiduciary duty against Francis Gherini; (5) breach of fiduciary duty against Robert Shaw, Roger Myers, and their law firm; (6) § 1983 civil rights violations against Judge Joe Hadden; and (7) malicious prosecution against Wise, Hall, Gherini, Frederick Rosenmund, and Rosenmund's law firm. The Kennerlys sought $50,000,000 in damages for each cause of action and punitive damages of $200,000,000 each for counts two and five and $100,000,000 for count six.
 
 
 5
 In April of 1991, the defendants moved to withdraw reference to the counter-claim from the bankruptcy proceedings and to dismiss the counter-claim. These motions were assigned to Chief District Judge Keep, who granted the motion to withdraw reference. Because these motions did not have a case number, they were inadvertently assigned to Judge Keep in her capacity as Chief Judge. Pursuant to a newly revised, but unpublished, local rule, the motion to withdraw reference should have been randomly assigned to any district judge. After granting the motion to withdraw reference, Judge Keep ruled that she would retain the case and set a hearing on the motion to dismiss for September 9, 1991. Because of difficulty in transferring the Kennerlys' bankruptcy records to the district court, the counter-claim did not receive a district court case number until just before the hearing.
 
 
 6
 The Kennerlys failed to file an opposition to the motion to dismiss before the September 9, 1991, hearing. At the hearing, Paul Kennerly complained that he was unable to file a response because the case only recently received a case number. Because of the irregularities and despite the strenuous and accurate objections of the defendants, the district court granted the Kennerlys additional time to file an opposition to the motion to dismiss and any objection they might have to the manner in which Judge Keep received the case.
 
 
 7
 On October 15, 1991, the district court heard the defendants' motion to dismiss. The district court dismissed the Kennerlys' RICO claim as barred by the statute of limitations. The district court also dismissed the Kennerlys' § 1983 claim against Judge Hadden because he was immune from suit. The district court dismissed both claims without granting the Kennerlys leave to amend. Because the Kennerlys' federal claims were dismissed, the district court also dismissed their pendent state claims without prejudice.
 
 DISCUSSION
 
 8
 We do not have jurisdiction to review Barbara Kennerly's claim. Both Paul and Barbara Kennerly appeal pro se. Thus, her failure to sign the notice of appeal deprives this court of jurisdiction over her claim. See Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986). Accordingly, Barbara Kennerly's appeal is dismissed with prejudice.
 
 
 9
 We review de novo the district court's dismissal under Fed.R.Civ.P. 12(b)(6) of Paul Kennerly's counter-claim. Oscar v. University Students Co-op. Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). Our review is limited to the contents of his counter-claim, and we must assume all allegations of material fact in the counter-claim are true and construe them in the light most favorable to Kennerly. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989).
 
 
 10
 Moreover, we strictly review the district court's exercise of discretion in denying leave to amend. See Albrecht v. Lund, 845 F.2d 193, 195, amended, 856 F.2d 111 (9th Cir.1988). Fed.R.Civ.P. 15(a) allows Kennerly leave to amend his counter-claim "once as a matter of course at any time before a responsive pleading is served." The defendants' motion to dismiss was not a responsive pleading. See Miles v. Dept. of Army, 881 F.2d 777, 781 (9th Cir.1989). "Nevertheless, if a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied, even prior to a responsive pleading, if amendment of the complaint would be futile." Albrecht, 845 F.2d at 195 (citation omitted). Under this standard, we conclude that the district court's dismissal was absolutely justified.
 
 
 11
 I. The District Court Correctly Dismissed Paul Kennerly's RICO Claim.
 
 
 12
 Civil RICO actions are governed by a four year statute of limitations. Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143, 156 (1987). Paul Kennerly's cause of action accrued when he knew or should have known of his injury. See Beneficial Standard Life Ins. Co. v. Madariaga, 851 F.2d 271, 274-75 (9th Cir.1988). Because he filed his counter-claim on March 11, 1991, he may recover only for injuries he knew about or should have known about after March 11, 1987.
 
 
 13
 The district court dismissed Kennerly's RICO claim because he was unable to identify a single racketeering activity committed by the defendants after March 11, 1987. The most recent racketeering acts alleged by the counter-claim were a telephone call in October of 1984 from Hall to Judge Hadden and the use of the mails in 1985 to file pleadings that led to the removal of the Kennerlys as trustees. Paul Kennerly's counter-claim did not allege that he was unaware of these acts when they occurred. On the contrary, the alleged acts related to state court litigation that has been ongoing since 1984. The district court found that Kennerly had ample time to discover other injuries of which he reasonably did not know. The court specifically noted that he had from April of 1991 until October 15, 1991, to identify a racketeering act that fell within the four year statute of limitations.
 
 
 14
 At the hearing on the motion to dismiss, Paul Kennerly argued that a "continuing violation" of RICO occurred because the defendants continued to write letters and file papers in the ongoing state probate proceedings. However, when pressed he was unable to cite any specific letter that violated RICO. Moreover, his brief on appeal also fails to identify any racketeering activity that occurred after March 11, 1987. His brief asserts that two federal tax returns filed by Shaw for the trust in 1987 and 1988 are the "clincher that dispels all possibility of a statute of limitations bar." However, Shaw, as successor trustee, was obligated to file the tax returns and to obtain a tax identification number for the trust. This action cannot be construed as violative of RICO.
 
 
 15
 We find that none of the allegations in Paul Kennerly's counter-claim identifies any injury cognizable under RICO that occurred after March 11, 1987. Given the length of time that Kennerly had to amend his counter-claim and his inability to identify a cognizable injury at the hearing or in his appellate briefs, we agree with the district court that granting him leave to amend his counter-claim would have been futile. See Albrecht, 845 F.2d at 195. Accordingly, we affirm the district court's dismissal of Paul Kennerly's RICO claims.
 
 
 16
 II. The District Court Correctly Dismissed Paul Kennerly's Civil Rights Claim Against Judge Hadden.
 
 
 17
 The district court dismissed Paul Kennerly's § 1983 claim against Judge Hadden because he was immune from suit. The district court found that all of Judge Hadden's alleged violations of § 1983 consisted of orders in a probate proceeding and an order transferring a case from probate court to the Civil Division. Because these actions were within the scope of Judge Hadden's employment, we agree with the district court that he is immune from Kennerly's $150,000,000 claim for damages. See Pulliam v. Allen, 466 U.S. 522, 543 (1984) (allowing attorney's fees in injunctive relief actions under § 1983 but not damages for actions within the scope of a judge's employment).
 
 
 18
 Kennerly contends that Judge Hadden acted outside the scope of his duties as a judge when he allegedly received an ex parte phone call from Hall and then attempted to prejudice another judge against the Kennerlys. However, Kennerly is unable to point to any evidence whatsoever to support this claim. Moreover, even if Judge Hadden had acted outside the scope of his employment, Paul Kennerly's § 1983 claim against him is barred by the statute of limitations. Judge Hadden's alleged misconduct occurred in October of 1984, over six years before Kennerly filed his counterclaim. State law determines the statute of limitations for § 1983 actions. See Usher v. City of Los Angeles, 828 F.2d 556, 558 (9th Cir.1987). Prior to the decision in Wilson v. Garcia, 471 U.S. 261 (1985), this court recognized a three year statute of limitations for § 1983 suits in California. Usher, 828 F.2d at 558-59. After Wilson, the period is only one year. Id. at 559. Under either limitation period, Kennerly's § 1983 claim against Judge Hadden for conduct outside the scope of his employment would be barred. Accordingly, we affirm the district court's dismissal of Paul Kennerly's civil rights claim against Judge Hadden.
 
 
 19
 III. The District Court did not Abuse its Discretion by Dismissing Paul Kennerly's Pendent State Claims Without Prejudice.
 
 
 20
 Paul Kennerly does not argue that the district court should have retained jurisdiction over his pendent claims in the absence of a viable federal claim. His brief states: "As to the pendent state causes of action, when the other claims are reinstated, the pendent matters should also be reinstated." Because we affirm the district court's dismissal of Kennerly's federal claims, we cannot say that the district court abused its discretion in dismissing his pendent state law claims without prejudice. See Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir.1985).
 
 
 21
 IV. Paul Kennerly's Conduct Before this Court Is Sanctionable.
 
 
 22
 Both Kennerly's opening and reply briefs make bald assertions that Judge Keep's conduct and rulings were racially motivated. He also makes disparaging and defamatory comments regarding Judge Keep's character. However, the record does not support Kennerly's claim that Judge Keep was biased against him. On the contrary, at the September 9, 1991, hearing, Judge Keep went out of her way to accommodate Kennerly. She postponed the hearing on the motion to dismiss--over the strenuous and valid objections of the defendants--to give Kennerly more time to file an opposition to that motion, even though Kennerly had already had over 5 months to oppose the motion. Moreover, at the October 15, 1991, hearing, Judge Keep repeatedly asked Kennerly to identify racketeering activities of the defendants that occurred within the statute of limitations period. He was unable to do so then and has failed to do so on appeal.
 
 
 23
 Kennerly cites Judge Keep's question "How long have you been an attorney?" as evidence of her bias and "attitude" against him. We disagree. Moreover, Kennerly's incendiary appellate briefs and the tenor of oral argument cause us also to question his ability as a lawyer. Even though we do not impose sanctions on Kennerly, his conduct during this appeal is clearly sanctionable. We strongly admonish Mr. Kennerly to conduct himself as a more responsible member of the legal profession in the future.
 
 CONCLUSION
 
 24
 Barbara Kennerly's appeal is DISMISSED. The judgment of the district court is AFFIRMED. Moreover, no petition for rehearing or suggestion for rehearing en banc will be entertained; the mandate shall issue forthwith.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3