41 F.3d 1513
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elaine M. SWEENEY; David P. Sweeney, Plaintiffs-Appellants,
v.
GREAT WESTERN BANK, a Federal Savings Bank; Cordova and
Ruzicka; Gregory V. Ruzicka; Frank J. Coughlin;
California Reconveyance Company,
Defendants-Appellees.
 No. 94-55421.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 10, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David and Elaine Sweeney appeal pro se the district court's dismissal of their section 1983 action against Great Western Bank, California Reconveyance Company and several other defendants (collectively "defendants") for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6), and for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). The Sweeneys alleged that the defendants violated the automatic stay provided in 11 U.S.C. Sec. 362 and violated their civil rights pursuant to 42 U.S.C. Sec. 1983. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Standard of Review
 
 
 4
 We review de novo the district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6). Oscar v. University Students Co-op Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). Review of a dismissal pursuant to Rule 12(b)(6) is based on the contents of the complaint. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). The court must accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff. Id. Dismissal is proper only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quotation omitted). The existence of subject matter jurisdiction is a question of law reviewed de novo. Reebok Int'l, Ltd. v. Marnatech Enters., Inc., 970 F.2d 552, 554 (9th Cir.1992).
 
 II
 Analysis
 A. Violation of the Automatic Stay Claim
 
 5
 The Sweeneys contend that the defendants violated the automatic stay provided in 11 U.S.C. Sec. 362. This contention lacks merit. With respect to Elaine Sweeney, the defendants did not violate the automatic stay in her bankruptcy case because they were properly granted relief from stay in an order entered July 14, 1992. With respect to David Sweeney, the defendants did not violate the automatic stay in his bankruptcy case because on December 30, 1992 the bankruptcy court entered an order, nunc pro tunc, annulling the automatic stay. Thus, the defendants' foreclosure sale held on October 20, 1992 was valid because there was no stay in place at the time due to the bankruptcy court's grant of retroactive relief.[1] See In re Schwartz, 954 F.2d 569, 572-73 (9th Cir.1992).
 
 B. Section 1983 Claim
 
 6
 The Sweeneys contend that the defendants violated their civil rights pursuant to 42 U.S.C. Sec. 1983. This contention lacks merit. To state a claim under section 1983, a plaintiff must allege facts showing that the defendant, acting under color of state law, deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or a federal statute. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). There are no state actors implicated in this case. Furthermore, the Sweeneys failed to allege that the defendants acted under color of law. After a review of the record, it is clear that the Sweeneys cannot show state action and the district court properly dismissed the Sweeneys' section 1983 claim. See id.
 
 C. Dismissal of State Law Claims
 
 7
 In their complaint, the Sweeneys alleged that the defendants committed numerous state law violations. These alleged violations were for breach of contract, fraud, abuse of process, slander of title, quiet title and intentional infliction of emotional distress. Because the Sweeneys' federal claims were properly dismissed, the district court had discretion to dismiss the Sweeneys' pendent state-law claims. 28 U.S.C. Sec. 1367(c); see O'Connor v. State of Nev., 27 F.3d 357, 362-63 (9th Cir.1994).
 
 D. Leave to Amend
 
 8
 The Sweeneys contend that the district court should have allowed them leave to amend their complaint. This contention lacks merit.
 
 
 9
 Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." "Nevertheless, if a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied, even if prior to a responsive pleading, if amendment of the complaint would be futile." Albrecht v. Lund, 845 F.2d 193, 195, as amended by, 856 F.2d 111 (9th Cir.1988); see also Sands v. Lewis, 886 F.2d 1166, 1168 (9th Cir.1989). Because any amendment of the Sweeneys' complaint would have been futile, the district court did not err by dismissing the Sweeneys' action without allowing them leave to amend. See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir.1986).
 
 E. Request for Sanctions
 
 10
 Defendants Great Western Bank and California Reconveyance Company contend that this appeal is frivolous and request sanctions against the Sweeneys.
 
 
 11
 This court has discretion to impose sanctions against a litigant, even one proceeding pro se, for filing frivolous appeals. See Fed.R.App.P. 38; 28 U.S.C. Sec. 1912; Ryan v. Bilby, 764 F.2d 1325, 1328-29 (9th Cir.1985). "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988).
 
 
 12
 The Sweeneys' arguments on appeal are wholly without merit and this appeal is frivolous. Therefore, in the exercise of our discretion, we grant Great Western Bank's and California Reconveyance Company's request for sanctions and impose sanctions in the amount $1,500 against the Sweeneys.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the Sweeneys' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We need not address the merits of the bankruptcy court's orders granting relief from stay and annulling the stay because they are not before us on appeal