46 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmie Earl STEPHEN, Plaintiff-Appellant,
v.
Mary ZULFACAR, Dr., et al., Defendants-Appellees.
 No. 94-55655.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 11, 1995.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmie Stephen, a California state prisoner, appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. Sec. 1983 action, alleging that prison doctor Zulfacar and medical technical assistant Gentry were deliberately indifferent to his serious medical needs because they failed to prescribe him an inhaler. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo the district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6). Oscar v. University Students Co-op Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992), and we affirm.
 
 
 3
 To show medical mistreatment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Hudson v. McMillian, 112 S.Ct. 995, 998 (1992); Estelle v. Gamble, 429 U.S. 97, 106 (1976). To demonstrate deliberate indifference, a prisoner must allege facts sufficient to indicate a culpable state of mind on the part of prison officials. Wilson v. Seiter, 501 U.S. 294, 302 (1991). A difference of opinion about treatment does not amount to deliberate indifference to serious medical needs. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). Mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980).
 
 
 4
 Stephen contends that Zulfacar should have prescribed him an inhaler because an ear, nose and throat specialist in El Centro, California had prescribed an inhaler for Stephen on a previous occasion. We agree with the district court that Stephen's complaint fails to state a claim for deliberate indifference to serious medical needs. Stephen has shown at most, a difference of opinion over the proper course of treatment. See Sanchez, 891 F.2d at 242. Moreover, because we conclude that Stephen's complaint could not be cured amendment, the district court properly dismissed his action for failure to state a claim. Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir.), as amended by, 856 F.2d 111 (9th Cir.1988).[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Stephen's motion for appointment for counsel for oral argument is denied as moot
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Stephen also contends the district court lost his summary judgment motion and that the case should be remanded so that it can proceed to summary judgment. We reject this contention because Stephen has failed to state a claim upon which relief can be granted