51 F.3d 280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard HABEEB, Plaintiff-Appellant,
v.
STATE FARM FIRE AND CASUALTY COMPANY; Tyler Cartwright,
Defendants-Appellees.
 No. 93-16072.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 15, 1995.
Decided March 29, 1995.
 
 Before: REINHARDT, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Richard Habeeb, a resident of California, appeals the district court's order dismissing his first amended complaint against State Farm Fire and Casualty Company (State Farm), an Illinois corporation, and Tyler Cartwright, a State Farm employee and California domiciliary.[1] He argues the district court improperly exercised diversity jurisdiction over this case. He also contends the court erred in finding his causes of action for bad faith and intentional infliction of emotional distress were time-barred, and in not granting him leave to amend his complaint.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 FACTUAL BACKGROUND
 
 4
 On August 22, 1989, Habeeb suffered a loss by theft of various items of jewelry and personal property, including two allegedly gold crowns.
 
 
 5
 At the time of the theft, Habeeb owned a State Farm homeowner's insurance policy. The policy provided coverage for loss of personal property up to a limit of $65,000. Coverage for loss of jewelry was limited to $1,000.
 
 
 6
 Habeeb filed a claim for benefits under the policy. On November 20, 1989 and February 15, 1990, respectively, State Farm paid Habeeb $1,000 for his loss of jewelry and $307.85 for loss of his other personal property. Because State Farm contended that the crowns--which Habeeb valued at over $250,000--were jewelry, it denied any additional coverage under the policy.
 
 
 7
 On August 22, 1990, Habeeb filed a claim for breach of contract against State Farm in Contra Costa County Superior Court. The action was removed to the United States District Court for the Northern District of California based on diversity of citizenship.
 
 
 8
 On July 9, 1991, State Farm offered Habeeb $32,500 to settle the case. Initially, Habeeb rejected the settlement offer, but about a month later he changed his mind and attempted to accept it. State Farm refused Habeeb's offer of acceptance on the ground that the settlement offer expired when it was initially rejected.
 
 
 9
 For purposes of trial, State Farm conceded that the crowns were not jewelry and therefore not subject to the $1,000 policy limit for jewelry. Instead, State Farm contested Habeeb's valuation of the crowns. State Farm argued that, contrary to Habeeb's contention, the crowns were not made of gold and precious stones. According to State Farm, the crowns were worth $9,000 and their replacement cost was $4,500.
 
 
 10
 In August 1992, the jury returned a verdict in favor of Habeeb, and judgment was entered against State Farm in the amount of $32,000 plus costs of $1,346.40.
 
 
 11
 On November 10, 1992, Habeeb filed the present action against State Farm and Tyler Cartwright, the litigation claims specialist who handled his claim for State Farm, in San Francisco County Superior Court. The complaint set forth bad faith and negligence causes of action against State Farm, and an intentional infliction of emotional distress claim against both State Farm and Cartwright.
 
 
 12
 State Farm and Cartwright removed the action to the United States District Court for the Northern District of California. They then filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Habeeb moved to remand the case to state court, claiming the district court lacked diversity jurisdiction because both Habeeb and Cartwright are residents of California.
 
 
 13
 The district court denied the motion to remand, finding that Cartwright's residence should be disregarded for purposes of jurisdiction because he was a fraudulently joined defendant. In the same order, the court granted, without leave to amend, the defendants' motion to dismiss Habeeb's complaint. The court determined that the complaint failed to state sufficient facts to support a claim for intentional infliction of emotional distress against either Cartwright or State Farm. Additionally, the court held all three causes of action against State Farm were barred by the one-year statute of limitations contained in the insurance policy.
 
 
 14
 In this appeal, Habeeb challenges the district court's exercise of jurisdiction over this case and its dismissal, without leave to amend, of his claims for bad faith and intentional infliction of emotional distress. He does not challenge the court's dismissal of his negligence cause of action.
 
 DISCUSSION
 A. Diversity Jurisdiction
 
 15
 Whether federal jurisdiction was properly exercised by the district court is a question of law which we review de novo. Nike, Inc. v. Comercial Iberica De Exclusivas, 20 F.3d 987, 990 (9th Cir.1994); Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). The district court found it had jurisdiction over this action because Cartwright was a fraudulently joined defendant and, therefore, his place of domicile should not be considered for purposes of determining whether there is diversity of citizenship among the parties. When Cartwright's California domicile is disregarded, complete diversity exists because Habeeb is a California citizen while State Farm is an Illinois corporation. This ruling was correct.
 
 
 16
 Fraudulent joinder is a term of art. McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir.1987). Outright fraud in the plaintiff's pleading of jurisdictional facts is not required, nor need joinder be a conscious effort by the plaintiff to defeat diversity jurisdiction. "[I]n most cases, fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives." Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir.1992). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent" and, therefore, irrelevant for purposes of diversity jurisdiction. McCabe v. General Foods, 811 F.2d at 1339. See also Kruso v. International Telephone, 872 F.2d at 1425-27.
 
 
 17
 Diversity jurisdiction exists in this case because, as explained in Part B below, Habeeb has not stated a proper claim against Cartwright. The conduct alleged in the complaint is, as a matter of law, insufficient to support a claim for intentional infliction of emotional distress.[2]
 
 
 18
 B. Intentional Infliction of Emotional Distress Claim
 
 
 19
 The district court exercised diversity jurisdiction and dismissed Habeeb's intentional infliction of emotional distress cause of action on the ground that the conduct alleged in the complaint did not present a sufficient factual basis to support the claim.[3] A dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, like a decision whether to exercise diversity jurisdiction, is a ruling on a question of law which we review de novo. Everest and Jennings v. American Motorist Ins. Co., 23 F.3d 226, 228 (9th Cir.1994). Our review is limited to the contents of the complaint, and all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989).
 
 
 20
 To state a cause of action for intentional infliction of emotional distress under California law, a plaintiff must show: (1) outrageous conduct by the defendant; (2) the defendant's intention of causing, or reckless disregard of the probability of causing, emotional distress; (3) that the plaintiff suffered severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Trerice v. Blue Cross of California, 209 Cal.App.3d 878, 883 (1989).
 
 
 21
 Outrageous conduct is conduct so extreme that it exceeds all bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community. Bogard v. Employers Casualty Co., 164 Cal.App.3d 602, 616 (1985). "While the outrageousness of a defendant's conduct normally presents an issue of fact to be determined by the trier of fact ..., the court may determine in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." Trerice v. Blue Cross, 209 Cal.App.3d at 883 (internal citations omitted).
 
 
 22
 The complaint makes the following allegations: State Farm failed to thoroughly investigate and evaluate the value of the crowns; interpreted the policy in an unduly restrictive manner; employed deceptive practices to avoid the claim; failed to make an offer to settle the claim before Habeeb initiated litigation; withheld pertinent information regarding the value of the crowns; filed a motion for summary judgment without proper cause; made an unreasonably low settlement offer; unreasonably withdrew the settlement offer; and compelled Habeeb to retain counsel and institute legal proceedings to recover amounts due under the policy. None of these actions, even if true, is sufficiently "outrageous" to support a claim for intentional infliction of emotional distress under California law.[4] See, e.g. Ricard v. Pacific Indemnity Co., 132 Cal.App.3d 886, 890, 895 (1982) (insurer's refusal to properly investigate, process and communicate with its insured regarding his claim, and its ultimate denial of the claim, is not outrageous conduct as a matter of law); Schlaugh v. Hartford Accident & Indemnity Co., 146 Cal.App.3d 926, 930-31, 936 (1983) (insurer's misrepresentation of the pertinent facts or insurance policy provisions to the claimant, and its failure to effectuate a prompt, fair and equitable settlement, does not constitute outrageous conduct). Accord Soto v. Royal Globe Ins. Co., 184 Cal.App.3d 420, 425, 431 (1986).
 
 C. Timeliness of Claims Against State Farm
 
 23
 It is undisputed that the State Farm insurance policy contained a provision requiring suits on the contract to be filed within one year of the date of loss or damage to the insured property.[5] The parties also agree the present action was filed more than three years after the theft of the crowns. Habeeb argues the action is, nonetheless, not barred by the contractual limitations provision because it is not an action on the policy.
 
 
 24
 A dismissal on the ground that the claim is barred by a limitations provision presents a question of law which we review de novo. Washington v. Garret, 10 F.3d 1421, 1428 (9th Cir.1993). Under California law, the limitations period prescribed by an insurance contract applies to a bad faith action or a claim of intentional infliction of emotional distress against the insurer only if the action is "on the policy." See Murphy v. Allstate Ins. Co., 83 Cal.App.3d 38, 44 (1978); Frazier v. Metropolitan Life Ins. Co., 169 Cal.App.3d 90, 103-04 (1985). An action is "on the policy" if it is "based on allegations relating to the handling of a claim or the manner in which it is processed." Velasquez v. Truck Ins. Exch., 5 Cal.Rptr.2d 1, 4 (Cal.App.1991). An action is not "on the policy" if it relates to conduct by the insurer--separate from the insurer's handling of the claim--which occurs after the insurable loss, or claims damages which are not caused by the risk insured against and which, therefore, are not recoverable under the policy. Murphy v. Allstate, 83 Cal.App.3d at 49. Despite Habeeb's arguments to the contrary, the present action is "on the policy."
 
 
 25
 Each of the allegations in the complaint, detailed in Part B above, relates either to the initial processing of Habeeb's claim, State Farm's denial of the claim, or its response to the claim once Habeeb initiated litigation. None involves conduct sufficiently distinct from the insurer's handling of the claim to "convert the action from one on the policy to one which is not." Velasquez v. Truck Ins., 5 Cal.Rptr.2d at 6.[6]
 
 
 26
 Additionally, the complaint alleges damages including but not limited to "the full benefit of the insurance policy." This indicates the action is an "attempt to recover on the policy...." Velasquez v. Truck Ins., 5 Cal.Rptr.2d at 5 (quoting Abari v. State Farm Fire & Casualty Co., 252 Cal.Rptr. 565 (Cal.App.1988)). While it is true that the complaint also seeks further compensatory and punitive damages, such damages relate solely to State Farm's handling of Habeeb's claim and not to any additional acts occurring after initial policy coverage. Id. at 6. Thus, the bad faith and intentional infliction of emotional distress claims are "inextricably bound" to the breach of contract claim, and all are subject to the contractual limitations provision. Id.
 
 
 27
 Several California cases have found similar insurance bad faith and intentional infliction of emotional distress claims to be barred by the limitations periods contained in the relevant insurance policies. See Lawrence v. Western Mutual Ins. Co., 251 Cal.Rptr 319 (Cal.App.1988); Abari v. State Farm Fire and Casualty Co., 252 Cal.Rptr. 565 (Cal.App.1988); Prieto v. State Farm Fire and Casualty Co., 275 Cal.Rptr. 362 (Cal.App.1990); Velasquez v. Truck Ins., 5 Cal.Rptr.2d 1 (Cal.App.1991). Habeeb contends these cases are not controlling because, in each, no action for breach of contract was filed within the relevant limitations period, and the bad faith and emotional distress claims were "transparent attempt[s] to recover on the policy notwithstanding [the] failure to commence suit within [the relevant limitations period]." Abari v. State Farm, 252 Cal.Rptr at 568. Here, on the other hand, a breach of contract claim was not only timely filed, but satisfied by a favorable jury verdict.
 
 
 28
 Habeeb's attempt to distinguish Lawrence, Abari, Prieto, and Velasquez is unconvincing. The result in each of these cases was motivated not by the insured's failure to file a timely breach of contract claim, but by the nature of the allegations supporting the bad faith and emotional distress claims. None of these claims held, as Habeeb suggests, that a contractual limitations provision is inapplicable to bad faith and emotional distress claims so long as an action for contract benefits is timely filed.[7]
 
 
 29
 Finally, Habeeb argues that, even if the one-year limitations provision contained in the insurance policy is applicable to his bad faith and emotional distress claims, his claims are not barred because the limitations period should have been equitably tolled pursuant to Prudential-LMI Ins. v. Superior Court, 274 Cal.Rptr. 387 (Cal.1990). In Prudential, the California Supreme Court held that any limitation period for bringing suit under an insurance contract should be equitably tolled from the time the insured files a timely notice of loss to the time the insurer formally denies the claim in writing. Prudential, 274 Cal.Rptr. at 389. Habeeb contends he has never received formal denial of his claim for compensation for the loss of his crowns.
 
 
 30
 Assuming a formal writing is required, a question we do not decide, State Farm's answer to Habeeb's breach of contract claim--filed on February 6, 1991--constituted written notice of its refusal to cover Habeeb's loss of the crowns. At least when State Farm filed its answer, if not before, Habeeb had notice of its intention to withhold compensation for the crowns. Because he did not file the present action until November 10, 1992, well over a year later, his causes of action against State Farm are time-barred.
 
 D. Dismissal Without Leave to Amend
 
 31
 Habeeb argues that even if the district court properly dismissed his complaint, the court should have granted him leave to amend. We review de novo a district court's dismissal of a complaint without leave to amend. Polich v. Burlington Northern, Inc., 942 F.2d 1467, 1472 (9th Cir.1991).
 
 
 32
 In general, leave to amend should be freely given. Fed.R.Civ.P. 15(a). However, if a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied if amendment of the complaint would be futile. Albrecht v. Lund, 845 F.2d 193, 195, as amended by 856 F.2d 111 (9th Cir.1988).
 
 
 33
 In this case, all of Habeeb's claims against State Farm were barred by the one-year statute of limitations contained in the insurance policy. No amendment to the complaint could have cured this defect.
 
 
 34
 With respect to the intentional infliction of emotional distress claim, the district court elicited from Habeeb during the hearing on the defendants' motion to dismiss what facts he would allege were leave to amend granted. The only additional allegation not already included in the complaint was that, during the course of litigating the breach of contract claim, State Farm enlarged a photograph of the stolen crowns, the enlargement allegedly showed the crowns were worth far more than what State Farm had contended at trial, and State Farm had failed to introduce the enlargement into evidence. Even if true, this is not outrageous conduct under California law. Rather, it is permissible trial strategy.[8] Thus, Habeeb's complaint, even if amended, could not state a claim for intentional infliction of emotional distress against either State Farm or Cartwright. Because amendment of the complaint would have been futile, the district court properly denied Habeeb leave to amend.
 
 E. Costs and Attorney Fees
 
 35
 State Farm and Cartwright urge us to award them costs and attorney fees incurred in connection with this suit. We decline to do so.
 
 
 36
 Federal Rule of Civil Procedure 38 provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." An appeal is frivolous only if the results are obvious or arguments of error are wholly without merit. Amwest Mortg. Corp. v. Grady, 925 F.2d 1162 (9th Cir.1991). Habeeb's arguments on appeal, although not ultimately successful, were not so meritless as to warrant imposition of sanctions.
 
 
 37
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The original complaint was filed on November 10, 1992 and amended on November 13, 1992, before any responsive pleading had been filed
 
 
 [2]
 The defendants contend diversity jurisdiction exists in this case because Cartwright, as a nonparty to the insurance contract, cannot be sued for breach of the covenant of good faith and fair dealing. This point is irrelevant, because the complaint charges Cartwright with intentional infliction of emotional distress, not with bad faith
 
 
 [3]
 The court also found the intentional infliction of emotional distress cause of action was barred by the one-year statute of limitations contained in California Code of Civil Procedure Sec. 340(3). Because we find the complaint failed to state a proper claim for intentional infliction of emotional distress, we need not reach this issue
 
 
 [4]
 We note that State Farm's settlement offer exceeded the amount which the jury ultimately awarded Habeeb, and that Habeeb's initial rejection of the offer legally terminated it. However, we do not base our decision on these observations because, for purposes of a motion to dismiss, all the allegations in the complaint are presumed correct
 
 
 [5]
 This one-year limitations provision is mandated by California Insurance Code Sec. 2071 and has been accepted as reasonable by the California courts. See Prudential-LMI Commercial Insurance v. Superior Court, 274 Cal.Rptr. 387, 393 (Cal.1990)
 
 
 [6]
 For this reason, Habeeb's reliance on Murphy v. Allstate Ins. Co., 83 Cal.App.3d 38 (1978), is misplaced. In Murphy, the bad faith and emotional distress causes of action related to activities by the insurer that had nothing to do with the initial claim under the policy. Velasquez, 5 Cal.Rptr.2d at 5. See also Prieto v. State Farm Fire and Casualty Co., 275 Cal.Rptr. 362, 364-65 (Cal.App.1990)
 
 
 [7]
 Habeeb's reliance on Frazier v. Metropolitan Life Ins. Co., 169 Cal.App.3d 90 (1985), is equally unavailing. Frazier involved a life insurance policy, not a homeowner's insurance policy, and therefore "the policy limitation that was circumvented there did not ... derive from statutory prescription, as with section 2071." Prieto, 275 Cal.Rptr. at 365. In California, at least with respect to homeowner's insurance policies, "a bad faith claim based on denial of a claim in the underlying policy is an action on the policy." Velasquez, 5 Cal.Rptr. at 5
 
 
 [8]
 This is especially true given that State Farm obtained the original photograph of the crowns from Habeeb. Because Habeeb obviously had access to the photograph, he could have enlarged it and presented it to the jury himself