**Derrick LITTLE, Plaintiff–Appellant,**

**v.**

**Read AMBLER; et al., Defendants–Appellees.**

**No. 00–15542.**

**D.C. No. CV–99–21088–RMW/PVT.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001.[*]

Decided Nov. 13, 2001.

---

[*] The panel unanimously finds this case suitable

Before KLEINFELD, McKEOWN, and FISHER, Circuit Judges.

### MEMORANDUM **

Derrick Little appeals pro se the district court's dismissal of his complaint without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B). We review de novo the dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Little's action is precluded by judicial immunity because he is seeking relief based upon judicial actions taken by a California State Superior Court Judge and Court Commissioner in their official capac-

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Little's motion for oral argument is denied.

ities. *See Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir.1986) (en banc).

Because the defendants' judicial immunity is fatal to Little's claim, amendment would have been futile and the district court did not abuse its discretion in denying leave to amend. *Albrecht v. Lund,* 845 F.2d 193, 195 (9th Cir.), *amended by* 856 F.2d 111 (9th Cir.1988).

Because Little failed to present any legal or factual basis for either of his motions for reconsideration, the district court did not abuse its discretion in denying the motions. *De Saracho v. Custom Food Mach., Inc.,* 206 F.3d 874, 880 (9th Cir.), *cert. denied,* 531 U.S. 876, 121 S.Ct. 183, 148 L.Ed.2d 126 (2000).

Little's remaining contentions are without merit.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.