John David GEREMIA; et al., Plaintiffs—Appellants,

v.

COLORADO BELLE CORP.; et al., Defendants—Appellees.

No. 02–15229.

D.C. No. CV–99–01703–KJD.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 16, 2003.

Before BEEZER, KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM **

Lynn and John Geremia, husband and wife, appeal pro se the district court's summary judgment in favor of Lynn's employer, Colorado Belle Corp., the dismissal of

---

* The panel unanimously finds this case suitable for decision without oral argument and denies the Geremias' request for oral argument. *See* Fed. R.App. P. 34(a)(2).

the Geremias' claims against the Internal Revenue Service ("IRS"), and various non-dispositive orders. We have jurisdiction pursuant to 28 U.S.C. § 1291, we review de novo, *Barnett v. Centoni,* 31 F.3d 813, 815, 816 (9th Cir.1994) (per curiam), and we affirm.

The district court properly construed the Geremias' claims against the IRS as against the United States and determined that they were barred by sovereign immunity. *See Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985).

Because the Geremias did not proffer sufficient evidence to show a genuine issue of material fact as to any of their claims, the district court properly granted all of Colorado Belle's motions for partial summary judgment. *See Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir.2001) (en banc).

The district court did not abuse its discretion by denying the Geremias' motion to amend the complaint. *See Albrecht v. Lund,* 845 F.2d 193, 195 (9th Cir.) (leave to amend may be denied where amendment would be futile), *amended by,* 856 F.2d 111 (9th Cir.1988).

Because the Geremias did not amend their notice of appeal or file a second notice of appeal following the district court's award of attorney's fees, we lack jurisdiction to review the award. *See Culinary & Serv. Employees Union, AFL–CIO Local 555 v. Hawaii Employee Benefit Admin., Inc.,* 688 F.2d 1228, 1232 (9th Cir.1982).

The district court properly denied the Geremias' motion seeking the recusal of the district judge. *See Taylor v. Regents of Univ. of Cal.,* 993 F.2d 710, 712–13 (9th Cir.1993) (per curiam).

---

The district court did not abuse its discretion by requiring Lynn Geremia to appear for an independent medical examination regarding her intentional infliction of emotional distress claim, or by requiring the Geremias to pay Colorado Belle's reasonable expenses following its successful motion to compel discovery responses. *See* Fed.R.Civ.P. 35(a) & 37(a)(4)(A).

We are unpersuaded by the Geremias' remaining contentions.

We have not considered factual exhibits or legal arguments proffered for the first time on appeal. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999); *Partridge v. Reich,* 141 F.3d 920, 926 n. 4 (9th Cir. 1998).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.