**CITY OF SAN JACINTO,**
Plaintiff—Appellant,

v.

**NATIONAL UNION INSURANCE COMPANY, OF PITTSBURGH, PA; et al.,**
Defendants—Appellees.

No. 02–56710.

D.C. No. CV–00–00832–RT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 2, 2003.

Decided Jan. 6, 2004.

Linda E. Klamm, Walter R. Schneider, Hanson, Bridett, Marcus, Vlahos & Rudy, LLP, San Francisco, CA, for Plaintiff–Appellant.

Peter Abrahams, Wendy S. Albers, Horvitz and Levy LLP, Encino, CA, Gillian A. Sward, Branson, Brinkop, Griffith & Strong, LLP, Redwood City, CA, A. Emily Wehbe, Allen Sturgeon, Sturgeon & Wehbe, LLP, Mission Viejo, CA, for Defendants–Appellees.

Before B. FLETCHER, FARRIS, and WARDLAW, Circuit Judges.

MEMORANDUM *

The City of San Jacinto appeals the district court's (1) grant of First State Insurance Company's motion to dismiss for failure to state a claim, (2) grant of National Union Fire Insurance Company's motion for judgment on the pleadings, and (3) denial of the City's motion for leave to file an amended complaint against National Union and First State.

This claim for coverage under the insurance policies is a contract claim. *Hameid v. National Fire Ins. of Hartford,* 31 Cal.4th 16, 1 Cal.Rptr.3d 401, 71 P.3d 761, 764 (2003). Under contract principles, we look first to the specific language of the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

coverage provision. If it is clear and unambiguous, our search ends there. *Id.* The insurance policies provide that the claimed bodily injury or property damage must occur during the policy period. While the condition that eventually caused the gas explosion was created in 1991 during the policy period, no actual injury within the terms of the policies arose until 1996, well after the policies were no longer in effect. Thus, the district court's grant of the motion to dismiss and for judgment on the pleadings was not error. *Remmer v. Glens Falls Indem. Co.,* 140 Cal.App.2d 84, 295 P.2d 19, 21 (1956) (noting that "occurrence" of an accident within the meaning of an indemnity policy is not the time the wrongful act was committed, but the time when the actual damage is incurred).

Nor was it an abuse of discretion to deny the City's motion to amend the complaint, since under the plain language of the insurance provisions, any such attempt would have been futile. *See Albrecht v. Lund,* 845 F.2d 193, 195 ("[I]f a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied, even if prior to a responsive pleading, if amendment of the complaint would be futile."), *amended by* 856 F.2d 111 (9th Cir.1988). The injury and property damage did not occur until the 1996 explosion and fire. No amendment could cure this lack of a triggering event for policy coverage.

AFFIRMED.