**Daniel MILLER, Plaintiff-Appellant,**

v.

**William F. GRGURICH and Southern Aviation Insurance Group, Inc., Defendants-Appellees.**

No. 84–6188.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 1985.

Decided June 13, 1985.

14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723, at 311 (2d ed. 1985); *see Desert Empire Bank v. Insurance Company of North America*, 623 F.2d 1371, 1374 (9th Cir.1980) (the addition of a nondiverse party defendant after removal defeats federal jurisdiction and requires remand). The rule requiring diversity at the time removal is sought parallels the rule in federal question cases where a federal question must exist at the time the petition for removal is filed. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir.1979).

The diversity upon which removal is predicated must be complete, *see Strawbridge v. Curtiss*, 7 U.S. (3 Cranch.) 267, 2 L.Ed. 435 (1806), and should generally be determined from the face of the complaint. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1426 (9th Cir.1984); *see also Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). The burden of establishing federal jurisdiction rests with the party seeking removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Carpenters Southern California Administrative Corp. v. Majestic Housing*, 743 F.2d 1341, 1343 (9th Cir.1984).

On the face of the pleadings in this case, there is a substantial question concerning the plaintiff's citizenship at the time of removal. Accordingly, the judgment of the district court is vacated and the case is remanded to the district court. The district court should determine whether diversity has been established under the principles we have set forth. If the requisite diversity is lacking, the district court should remand the action to state court. If diversity is established, the district court may reinstate its judgment. If a new notice of appeal is filed, the briefs and record in this case shall be transferred to the new appeal.

REMANDED.

Francis C. Pizzulli, Santa Monica, Cal., for plaintiff-appellant.

Arthur Wasserman, Encino, Cal., for defendants-appellees.

Before KENNEDY, HUG, and FERGUSON, Circuit Judges.

KENNEDY, Circuit Judge:

When an action is removed on the basis of diversity, the requisite diversity must exist at the time the action is removed to federal court. C. Wright, *Law of Federal Courts* § 38, at 153 (3d ed. 1976);