Donald H. ALBRECHT,
Plaintiff–Appellant,

and

Joanne Albrecht, et al., Plaintiffs,

v.

William S. LUND, Defendant–Appellee.

No. 86–6155.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1987.
Withdrawn from Submission
Aug. 10, 1987.
Resubmitted Jan. 4, 1988.
Decided April 26, 1988.

Richard H. Floum and Greg David Derin, Dern, Mason & Floum, Los Angeles, Cal., for plaintiff-appellant.

John J. McCauley, Paul, Hastings, Janofsky & Walker, Costa Mesa, Cal., for defendant-appellee.

Before WALLACE, BEEZER and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

## I.

Donald H. Albrecht (Albrecht) and William S. Lund (Lund) were the general partners of Terramics Associates. In January 1980 they filed a lawsuit against Crocker Bank for fraud; Crocker Bank eventually counter-sued. Following a long jury trial, the parties reached a settlement. Albrecht had been opposed to settlement, but Lund convinced him to change his mind just prior to the time the jury was scheduled to announce its verdict. Lund told Albrecht that he had spoken with their attorneys and that based on this conversation he believed an adverse verdict was a "distinct possibility." Lund informed Albrecht that in the event of an adverse verdict he intended to sue Albrecht for indemnification. According to the settlement reached, Albrecht waived all personal claims against Crocker Bank and paid Crocker a sum of $233,333.33.

Albrecht later discovered that the jury had intended to award him and Lund several million dollars. In November 1985 Albrecht filed suit against Lund in California Superior Court for fraud, interference with prospective economic advantage, constructive fraud, and breach of fiduciary duty. Lund filed a petition to remove the case to federal district court. The petition stated that Lund was a resident and citizen of Wyoming and alleged that diversity of citizenship provided the court with subject matter jurisdiction over the case because Albrecht was a resident of California. Albrecht neither opposed the petition for removal nor moved to remand the case to state court.

Subsequently, Lund filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The district court dismissed the case with prejudice as to all four causes of action for failure to state a valid claim and denied leave to amend. We affirm.

## II.

Albrecht contends that the district court was without subject matter jurisdiction over this matter because diversity of citizenship was lacking. We review this contention de novo. Peter Starr Production Co. v. Twin Continental Films, Inc., 783 F.2d 1440, 1442 (9th Cir.1986). In Lund's petition for removal, Lund claimed to be a resident and citizen of Wyoming. Albrecht did not challenge this claim, and he did not move to have the case remanded to state court. He now asserts, however, that Lund is a resident of California, not Wyoming, and requests that we remand this case to the district court for a factual determination of diversity of citizenship.

■ A challenge to the federal courts' jurisdiction may be raised at any point during the proceedings. May Dep't Store v. Graphic Process Co., 637 F.2d 1211, 1216 (9th Cir.1980). In Miller v. Grgurich, 763 F.2d 372 (9th Cir.1985), an action originally filed in state court was removed to federal court on the basis of diversity of citizenship. Subsequently, judgment was entered for the defendants and the plaintiff appealed. On appeal, this court found that if, on the face of the pleadings at the time of removal there exists a "substantial question concerning the plaintiff's citizenship," then the case must be remanded to the district court to determine whether or not diversity of citizenship is present. Id. at 373. Unfortunately, the Miller opinion contains no facts concerning the nature of the case. The opinion also neglected to disclose the nature of the "substantial question" in the pleadings concerning the plaintiff's citizenship.

■ Here, Albrecht's complaint filed in state court alleged that the plaintiff was a California resident, and that the defendant, Lund, was an individual doing business within the County of Los Angeles. The

complaint also alleged that Lund was a partner in a partnership with its principal place of business within the County of Los Angeles. The petition for removal filed by Lund alleged that he was a resident and citizen of Wyoming. Nowhere in the state court pleadings is it alleged that Lund was a resident or citizen of California. Further, Albrecht failed either to contest the petition for removal or to move to remand the case to state court. *See O'Campo v. Hardisty,* 262 F.2d 621, 624 (9th Cir.1958) (failure to deny the facts alleged in a removal petition constitutes an admission of those facts). Absent any allegation that Lund was a citizen of California, we hold that the pleadings failed to raise a substantial question of diversity of citizenship at the time of removal and we need not remand to the district court for a determination of diversity.

### III.

Albrecht argues that the district court erred in dismissing his four causes of action, and further erred in denying him leave to amend the complaint. We review *de novo* the district court's dismissal of Albrecht's complaint under Fed.R.Civ.P. 12(b)(6), *Fort Vancouver Plywood Co. v. United States,* 747 F.2d 547, 552 (9th Cir. 1984), and we agree with the district court that appellant has failed to state a cause of action sufficient to survive Lund's 12(b)(6) motion.

■ The thornier problem is whether the district court should have allowed Albrecht to amend the complaint. We review strictly a district court's exercise of discretion denying leave to amend. *Klamath–Lake Pharm. v. Klamath Med. Serv. Bureau,* 701 F.2d 1276, 1292 (9th Cir.), *cert. denied,* 464 U.S. 822, 104 S.Ct. 88, 78 L.Ed.2d 96 (1983). In granting the defendant's motion to dismiss and denying Albrecht's request

for leave to amend, the district court termed Albrecht's claims "frivolous," and noted "I don't think there is anything to amend."

■ "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." Fed.R.Civ.P. 15(a). Nevertheless, if a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied, even if prior to a responsive pleading, if amendment of the complaint would be futile. *See Schreiber Distributing Co. v. Serv–Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986). If the district court determines that the "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," then the dismissal without leave to amend is proper. *Id.*

■ Albrecht requested leave to amend in order to allege more facts concerning the contents of the conversation between Lund and the partnership's attorneys on November 9, 1982. Albrecht's complaint alleged that Lund had spoken with Albrecht just prior to the time the jury was scheduled to render its verdict. At this time, the complaint states, Lund related to Albrecht that, based upon discussions he had with their attorneys, he believed an adverse verdict was a "distinct possibility." Albrecht alleges that Lund misrepresented the advice of the partnership's attorneys, but the complaint did not allege any details concerning the discussions between Lund and the attorneys.

To repair Albrecht's causes of action for fraud, constructive fraud and breach of fiduciary duty, the amended complaint must allege a misrepresentation. *See* Cal. Civ.Code §§ 1572, 1573 (West 1982).[1] Regardless of the substance of the conversation between Lund and the partnership's

---

1. Albrecht's claim of undue influence as an alternative basis for these counts is groundless. For example, Albrecht does not allege that Lund exercised excessive strength or that he was a dominant subject and Albrecht was a servient

subject. *See Odorizzi v. Bloomfield School District,* 246 Cal.App.2d 123, 131–33, 54 Cal.Rptr. 533, 540–41 (1966) (discussing elements of undue influence).

attorneys, however, Lund's representation to Albrecht that he believed an adverse jury verdict was a distinct possibility could not be a misrepresentation. Lund's statement concerned his own beliefs, and Albrecht does not allege as the basis of his claims that Lund did not believe his own opinion to be true.[2]

For the amended complaint to properly state a claim for intentional interference with prospective economic advantage, Albrecht must repair the complaint's allegations concerning several of the elements of this count. *See Olivet v. Frischling,* 104 Cal.App.3d 831, 837, 164 Cal.Rptr. 87, 89–90 (1980). First, the complaint failed to show that Albrecht had a probability of future economic benefits. Second, the complaint failed to establish that Lund was intentionally disrupting an economic relationship, particularly because Lund was a co-partner with Albrecht in Terramics Associates. These defects would not be repaired by amending the complaint to allege more facts concerning Lund's conversation with the attorneys.

The district court did not abuse its discretion in denying Albrecht leave to amend his complaint.

AFFIRMED.

**2.** Albrecht's complaint is contradictory with respect to exactly what Lund allegedly communicated to Albrecht. In paragraph 10, Albrecht alleges that "Lund stated that he believed that [an adverse verdict] was a distinct possibility based upon discussions he had just had with Plaintiffs' and Lund's attorneys...." In paragraph 23, however, Albrecht alleges that Lund "represented that Plaintiffs' and Lund's attorneys in the Lawsuit had just indicated to him that an adverse verdict on the counter-claims was a distinct possibility." Regardless, accepting as true the facts as alleged in the complaint and construing them in the light most favorable to the nonmoving party, *Western Oil & Gas Co. v. New,* 765 F.2d 1428, 1430 (9th Cir.1985), *cert. denied,* 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 773 (1986), we agree with the district court that Lund's statements cannot constitute a misrepresentation.