15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Stanley TYSCH, Plaintiff-Appellant,
v.
David Michael HOMSY; Gary Hal Amsterdam; Morton Gantman;
Gantman & Gantman, Defendants-Appellees.
 No. 92-56448.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 22, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stanley Tysch appeals pro se the dismissal of his 42 U.S.C. Sec. 1983 action for failure to state a claim. Tysch contends that David Homsy and Gary Amsterdam, attorneys who represented him, and Morton Gantman and Gantman & Gantman (collectively, the Gantmans), who represented Tysch's former wife in a state marital dissolution proceeding, conspired to violate his civil rights in connection with Homsy's action to collect fees for legal services. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Tysch contends that the district court erred by dismissing his action without leave to amend. In his opening brief, he states: "Appellant does not dispute the Magistrate's or the District Court Judge's decision that the operative pleading was deficient on its face as to the elements of a Section 1983 claim. Rather, Appellant takes exception with the trial judge's decision to overrule his Magistrate and refuse to allow leave to amend the complaint." Tysch's contention lacks merit.
 
 
 4
 We review de novo the dismissal of an action under Fed.R.Civ.P. 12(b)(6). Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We review for an abuse of discretion the denial of leave to amend. See Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir.1988). An action may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1990) (quotations omitted). If an action is dismissed under Rule 12(b)(6), "leave to amend may be denied ... if amendment of the complaint would be futile." Albrecht, 845 F.2d at 195.
 
 
 5
 To state a cause of action under 42 U.S.C. Sec. 1983, the plaintiff must plead that the defendants acted under color of state law to deprive him of a federally protected right. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). An attorney acts under color of state law if he conspires with state officials such as judges. Tower v. Glover, 467 U.S. 914, 923 (1984). To prove conspiracy under Sec. 1983, an agreement or a meeting of the minds to violate the plaintiff's constitutional rights must be shown. Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir.1989). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 6
 In his first amended complaint, Tysch alleged that he "was a party to an action in Superior Court" and that the defendants, "pursuant to a conspiracy between [them] that deprived and still deprives plaintiff of his property without just compensation, denied his First Amendment Right of Access To Courts, denied Equal Protection of Laws, denied Due Process of Law." In a declaration, which the district court treated as part of the first amended complaint, Tysch further alleged that Homsy sued him in municipal court to collect fees for legal services rendered in the marital dissolution action. Amsterdam represented Tysch in the municipal court action, and Tysch later obtained a judgment against Amsterdam for malpractice. Tysch alleged that "HOMSY conspired with defendants AMSTERDAM and GANTMAN to deprive me a fair trial and proper representation in the municipal court case."
 
 
 7
 Tysch argues that he can amend the complaint to allege that a state court judge was involved in the conspiracy. He explains that at the trial in Homsy's action to collect fees, the municipal court judge refused to wait while Amsterdam completed another court appearance. Tysch appears to state that if he had been represented at the municipal court trial, improper actions in the dissolution proceedings would have come to light.
 
 
 8
 These proposed amendments still would not cure the deficiences in Tysch's first amended complaint. The district court did not err by finding that Tysch could not show a meeting of the minds among the defendant attorneys in connection with the municipal court case, let alone a conspiracy involving a state court judge. See Tower, 467 U.S. at 923; Woodrum, 866 F.2d at 1126; Ivey, 673 F.2d at 268. Accordingly, the district court did not err by dismissing the action without leave to amend. See Love, 915 F.2d at 1245; Albrecht, 845 F.2d at 195.
 
 
 9
 The Gantmans contend that they are not parties to this appeal because Tysch did not specifically name them in his first notice of appeal, but rather used the term "et al." This contention lacks merit.
 
 
 10
 "The notice of appeal shall specify the party or parties taking the appeal [and] shall designate the judgment, order or part thereof appealed from...." Fed.R.App.P. 3(c). A mistake in designating the order being appealed is not fatal so long as the intent to appeal a specific judgment can be fairly inferred and the appellees are not prejudiced. McCarthy v. Mayo, 827 F.2d 1310, 1314 (9th Cir.1987). The appellees are not prejudiced if they fully brief the issues in an appeal. Id.
 
 
 11
 Here, the Gantmans could fairly have inferred from the term "et al." and the reference to the judgment in the text of the notice of appeal that Tysch intended to appeal the judgment as to all defendants. See id. Moreover, because Tysch later amended the notice of appeal to name the Gantmans, and because the Gantmans have fully briefed the issues, they have not been prejudiced by any lack of clarity in the original notice of appeal. See id. The Gantmans argue that the local rules of the district court require the notice of appeal to name all of the parties to a judgment. See Local Rules of the United States District Court for the Central District of California, Rule 17.1. In deciding matters of our own jurisdiction, we are not bound by the local rules of the district court. We hold that the Gantmans are parties to this appeal. See McCarthy, 827 F.2d at 1314.
 
 
 12
 The Gantmans also contend that this appeal should be dismissed because Tysch's opening brief is defective. They argue that Tysch did not include the statement of related cases required by 9th Cir.R. 28-2.6. Tysch argues that Tysch v. Tysch, appeal No. 93-55568, is not a related case. The sanction for filing a defective brief is the striking of the brief, and not the dismissal of the appeal. 9th Cir.R. 28-1(a). We decline to strike Tysch's opening brief.
 
 
 13
 Finally, we order Tysch to pay $3,000.00 to the Gantmans as a sanction pursuant to Fed.R.App.P. 38.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3