40 F.3d 1246
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph S. PRITCHETT, Plaintiff-Appellant,
v.
King COUNTY; Barbara Linde, individually and as Senior
Deputy Prosecutor; John Meske, et al.,
Defendants-Appellees.
 No. 94-35428.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 21, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph S. Pritchett appeals pro se the district court's grant of summary judgment for the defendants in his 42 U.S.C. Sec. 1983 action. Pritchett contends the district court erred by (1) granting summary judgment for King County and Deputy Prosecutors Barbara Linde and John Meske, (2) denying his motion for additional discovery, and (3) striking his amended complaint. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 * Summary Judgment
 
 A. Standard of Review
 
 4
 We review de novo a district court's grant of summary judgment. Alexander v. City & County of San Francisco, 29 F.3d 1355, 1359 (9th Cir.1994). Viewing the evidence in the light most favorable to the nonmoving party, we must decide whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law. Id.
 
 B. Merits
 
 5
 1. Deputy Prosecutors Barbara Linde and John Meske
 
 
 6
 Pritchett contends that Deputy Prosecutors Barbara Linde and John Meske pursued a groundless prosecution against him, using fabricated evidence. The district court found that Linde and Meske were entitled to absolute immunity.
 
 
 7
 "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under Sec. 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). The prosecutor's role "in evaluating evidence and interviewing witnesses as [she] prepares for trial" is quasi-judicial, and thus she is entitled to absolute immunity. Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2616 (1993). When a prosecutor acts as an investigator, however, and gathers evidence before probable cause exists as to a specific suspect, absolute immunity is lost. Id.
 
 
 8
 Pritchett contends that Linde and Meske were not entitled to absolute immunity because Linde was acting in an investigative role when she interviewed the victim before filing a motion for determination of probable cause. This contention lacks merit.
 
 
 9
 Linde spoke to the victim following a police investigation in which the victim alleged that Pritchett dragged her into his apartment, and beat, raped and imprisoned her. After the victim confirmed the incident, Linde filed a motion for determination of probable cause and Pritchett was arrested. At trial, the victim recanted, and the court excluded the victim's previous statements. Charges against Pritchett were then dismissed.
 
 
 10
 Here, because probable cause for Pritchett's arrest existed prior to Linde interviewing the victim, Linde is entitled to absolute immunity. See id. Deputy Prosecutor Meske is also entitled to absolute immunity because his sole involvement was to assist Linde in preparing and presenting the State's case against Pritchett. See Schlegel v. Bebout, 841 F.2d 937, 943 (9th Cir.1988).
 
 
 11
 Accordingly, we affirm the district court's grant of summary judgment in favor of Linde and Meske.
 
 2. King County
 
 12
 Pritchett alleges that liability should attach to King County because he was detained pursuant to the County's practice of arresting and prosecuting African-Americans at a higher rate than whites.
 
 
 13
 Municipalities cannot be sued under section 1983 under a respondeat superior theory. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 & n. 58 (1976). Liability may only be imposed if the plaintiff establishes that his injuries were inflicted pursuant to an official policy or custom. Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir.1989). A section 1983 plaintiff may establish an official policy or custom by showing that (1) the employee acted pursuant to a long standing practice or policy, (2) the employee had final policy-making authority, or (3) an official with final policy-making authority ratified the decision. Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir.1992), cert. denied, 114 S.Ct. 345 (1993).
 
 
 14
 Here, in support of his claims against the County, Pritchett offered a newspaper article which states that African-Americans in King County are arrested and prosecuted at a higher rate than whites. We agree with the district court that, given the circumstances, this evidence fails to raise a triable issue of fact as to whether the County arrested Pritchett pursuant to a discriminatory policy. See Alexander, 29 F.3d at 1359. Furthermore, even assuming that Linde and Meske had final policymaking authority, see Gillette, 979 F.2d at 1346-47, Pritchett has presented no evidence that either of them made the decision to prosecute him because he was African-American, see Thompson, 885 F.2d at 1443.
 
 II
 Amended Complaint
 
 15
 Pritchett contends that the district court abused its discretion by striking his first amended complaint. This contention lacks merit.
 
 
 16
 A party is entitled to amend their pleadings once "as a matter of course" any time before a responsive pleading has been served. Fed.R.Civ.P. 15(a); Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991). A district court has discretion to deny leave to amend, however, even prior to a responsive pleading, if amendment would be futile. See Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir.1988), modified, 856 F.2d 111 (1988).
 
 
 17
 Here, the district court did not abuse its discretion by refusing to allow Pritchett to add Norm Maleng, Prosecutor for King County, as a defendant. Because Maleng was immune from liability, see Imbler, 424 U.S. at 431, adding Maleng as a defendant would have been futile, see Albrecht, 845 F.2d at 195.
 
 III
 Discovery
 
 18
 Pritchett contends that the district court erred by denying his motion for additional time to conduct discovery. This contention lacks merit.
 
 
 19
 We review for abuse of discretion the district court's refusal to permit further discovery under Fed.R.Civ.P. 56(f). Beneficial Standard Life Ins. Co. v. Madariaga, 851 F.2d 271, 277 (9th Cir.1988).
 
 
 20
 Here, the district court denied Pritchett's motion for additional discovery because Pritchett failed to serve the motion on the defendants after the district court advised him that he needed to do so. Moreover, the district court granted Pritchett extensions totaling seven months to respond to the defendants' motion for summary judgment. The district court did not abuse its discretion by denying Pritchett's motion for additional time to conduct discovery. See id.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3