Jamaa FANAKA, Plaintiff–Appellant,

v.

DIRECTORS GUILD OF AMERICA, INC.; et al., Defendants– Appellees,

Equal Employment Opportunity Commission ("EEOC"); Thelma Taylor; Joyce Mills; Tracey Kelley; Federal Bureau of Investigation ("FBI"); Voviette Morgan; Kevin Adley; Dave Chanier; Timothy McNally; Godfrey D. Dudley; National Broadcasting Company ("NBC"); Hollywood Reporter; Steve Gellman; Melissa Papel; Daily Journal; Kenneth Rutman, Defendants.

No. 00–56369.
D.C. No. CV–98–09258–JSL.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 21, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Appellant's motion for oral argument is denied.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

### MEMORANDUM**

Jamaa Fanaka appeals pro se the district court's dismissal of his complaint alleging employment retaliation under Title VII, violation of 42 U.S.C. § 1981, constitutional violations, and state law torts against the Directors Guild of America, Inc. ("DGA") and several individual defendants associated with the DGA[1] (the "DGA Defendants"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and, after de novo review, *Sprewell v. Golden State*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*Warriors*, 231 F.3d 520, 527 (9th Cir.2000), we affirm.

Fanaka's allegation of employment retaliation fails because he did not exhaust his administrative remedies. *See Sommatino v. United States*, 255 F.3d 704, 707–08 (9th Cir.2001). Fanaka's claim that the DGA Defendants violated 42 U.S.C. § 1981 fails because he did not specify what contract the defendants allegedly interfered with his making or enforcing. *Cf. Imagineering v. Kiewit Pac. Co.*, 976 F.2d 1303, 1313 (9th Cir.1992). Because the DGA Defendants are not state actors, they cannot be held liable for violating Fanaka's constitutional rights. *See Howard v. America Online*, 208 F.3d 741, 754 (9th Cir.2000). The district court properly declined to exercise supplemental jurisdiction over Fanaka's state law claims following the dismissal of the claims over which it had original jurisdiction. *See Brown v. Lucky Stores*, 246 F.3d 1182, 1189 (9th Cir.2001).

Because the law and facts did not clearly support Fanaka's motion for a temporary restraining order and preliminary injunction, the district court did not abuse its discretion in denying the motion. *See Stanley v. Univ. of So. Cal.*, 13 F.3d 1313, 1319 (9th Cir.1994).

The district court did not abuse its discretion in issuing a vexatious litigant order against Fanaka because the order was narrowly tailored, based upon a clear record of prior frivolous filings, and entered after Fanaka opposed the motion. *See DeLong v.. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir.1990).

---

1. These individuals are Jay Roth, Chuck Warn, Marcel Giacusa, Beverly Ware, Jack Shea, Elliot Williams, Chuck Vinson, Cornelius Rawls, Peter Ellis, Robert Birnbaum, Steve Binder, and Cheryl Downey.

■ The district court did not abuse its discretion in denying Fanaka leave to amend his complaint to allege that the DGA violated 29 U.S.C. § 411(a)(4) and 29 U.S.C. § 415 of the Labor–Management Reporting and Disclosure Act because both claims were patently without merit. *See Albrecht v. Lund,* 845 F.2d 193, 195 (9th Cir.1988).

■ The district court properly dismissed all defendants who had not been served with process within 120 days of filing the complaint because Fanaka did not show good cause in failing to timely serve them. *See Boudette v. Barnette,* 923 F.2d 754, 755–56 (9th Cir.1991).

■ The district court did not abuse its discretion in denying Fanaka's motion to recuse Judge Letts because the motion was premised solely on prior rulings adverse to Fanaka, which is not a proper basis for recusal. *See Taylor v. Regents of the Univ. of Cal.,* 993 F.2d 710, 712–13 (9th Cir.1993) (per curiam).

Fanaka's remaining contentions are without merit. All pending motions are denied.

AFFIRMED.