Richard MILLAN, Plaintiff–Appellant,

v.

William J. CLINTON;  et al., Defendants–Appellees.

No. 01–56545.

D.C. No. CV–00–11210–SVW.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 17, 2003.

Before BEEZER, KLEINFELD, and PAEZ, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Millan's request for oral argument is denied.

## MEMORANDUM**

Richard Millan appeals pro se the district court's judgment dismissing his action against defendants William J. Clinton, Craig T. Smith, Justin Dangel, Voter.Com, and the Democratic National Committee, in which he alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1964, and various state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim and review for abuse of discretion denial of leave to amend. *Albrecht v. Lund,* 845 F.2d 193, 195, 196, *amended by* 856 F.2d 111 (9th Cir.1988). We affirm.

The district court properly dismissed Millan's action for failure to state a claim because, among other things, Millan failed to allege racketeering activity with sufficient particularity. *See Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 541 (9th Cir.1989) (affirming dismissal of RICO claims where plaintiffs failed to attribute specific conduct to individual defendants and failed to specify the time or place of alleged misconduct).

To the extent the district court erred by refusing to file Millan's first amended complaint before ruling on defendants' motions to dismiss the original complaint, the error was harmless because the first amended complaint suffered from the same defects as the original complaint. *See, e.g., Church of Scientology of Cal. v. United States,* 920 F.2d 1481, 1490–91 (9th Cir. 1990) (affirming where, even if the district court had erred by not allowing the plaintiff to file a reply brief, error was harmless).

Similarly, the district court did not abuse its discretion by denying Millan

leave to amend after dismissing his original complaint. *See Albrecht,* 845 F.2d at 195 (leave to amend properly denied where amendment would be futile).

We do not address Millan's contentions regarding constitutional violations because he did not raise these issues before the district court, *see Doi v. Halekulani Corp.,* 276 F.3d 1131, 1140 (9th Cir.2002), and he did not provide supporting argument in his opening appeal brief, *see* Fed. R.App. P. 28(a)(9); *Kohler v. Inter–Tel Techs.,* 244 F.3d 1167, 1182 (9th Cir.2001).

Millan's motion to file an appendix to the opening brief is **GRANTED**. The Clerk shall file "Appellant's Appendix Volume 1" received on September 10, 2002.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

