**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENNIS CHAN LAI, | No. 10-17056 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-02086-AWI-GSA |
| v. | |
| IPSON and M. GREEN, in official and personal capacities, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief Judge, Presiding

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Taxpayer Dennis Chan Lai appeals pro se from the district court's judgment

dismissing his action against two Internal Revenue Service ("IRS") agents in

connection with the assessment of a penalty for a frivolous filing under 26 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 6702. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We may affirm on any ground supported by the record. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998). We affirm.

Dismissal of the action against the IRS agents was proper because Lai could not state a claim for damages against them. *See Adams v. Johnson*, 355 F.3d 1179, 1185-86 (9th Cir. 2004) (because the Internal Revenue Code gives taxpayers meaningful protections against government transgressions in tax assessment and collection, taxpayers cannot bring actions against IRS employees in their individual capacities for damages under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (a suit against an IRS employee for actions taken in his or her official capacity is a suit against the United States).

To the extent that Lai sought to sue the United States for damages, dismissal was proper because Lai has failed to show that the United States has waived its sovereign immunity from suit. *See United States v. Dalm*, 494 U.S. 596, 608 (1990) (United States is immune from suit unless it has expressly consented to suit). Contrary to Lai's contentions, neither § 6702 nor 26 U.S.C. § 7433 provides a waiver of sovereign immunity under these circumstances. *See Flora v. United*

*States*, 362 U.S. 145, 177 (1960) (construing 28 U.S.C. § 1346(a)(1) as requiring full payment of an assessment against a taxpayer before a refund suit can be maintained in district court); *Miller v. United States*, 66 F.3d 220, 222-23 (9th Cir. 1995) (waiver of sovereign immunity under § 7433 permitting taxpayers to sue for misconduct in collection of taxes does not extend to improper determination or assessment of taxpayer's liabilities).

The district court did not abuse its discretion by dismissing the complaint without leave to amend because amendment would have been futile. *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1998) (reviewing for an abuse of discretion and stating that leave to amend may be denied where amendment would be futile).

We do not consider issues raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Lai's remaining contentions, including those concerning alleged district court bias, are unpersuasive.

All pending motions are denied.

**AFFIRMED.**