FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 04 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| SUE SHERMAN, | No. 12-35480 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-02003-JLR |
| v. | |
| WASHINGTON STATE JUDICIAL SYSTEM, for the State of Washington, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Sue Sherman appeals pro se from the district court's judgment dismissing

her 42 U.S.C. § 1983 action alleging constitutional violations arising from state

court proceedings concerning real property.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly concluded that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine because Sherman's action amounted to a forbidden "de facto appeal" of a state court judgment and raised constitutional claims that were "inextricably intertwined" with that state court judgment. *See id.* at 1163-65 (discussing *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief he sought "would require the district court to determine that the state court's decision was wrong and thus void").

The district court did not abuse its discretion in dismissing without leave to amend because amendment would have been futile. *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1998) (dismissal without leave to amend is not an abuse of discretion if amendment would be futile).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

12-35480

Sherman's contentions concerning the finality of the state court judgment, her entitlement to a jury trial in this action, and defense counsel's allegedly improper citations to judicially noticeable state court proceedings and documents are unpersuasive.

**AFFIRMED.**

12-35480