**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RUBIN LAWRENCE DUCKETT,

Plaintiff - Appellant,

v.

L. SCHAMEHORN; et al.,

Defendants - Appellees.

No. 13-55372

D.C. No. 3:11-cv-00113-AJB-NLS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted March 10, 2014[**]

Before:    PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

California state prisoner Rubin Lawrence Duckett appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011), and for an abuse of discretion a decision to dismiss a complaint without leave to amend, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). We affirm.

The district court properly dismissed Duckett's action because Duckett failed to allege facts showing that defendants acted with deliberate indifference to a serious medical need in connection with the removal of his catheter and his post-surgery treatment. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (a claim for deliberate indifference to an inmate's serious medical needs requires showing a purposeful act or failure to respond to an inmate's pain or possible medical need, and harm caused by the indifference); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (mere negligence is insufficient to establish deliberate indifference); *Hallett v. Morgan*, 296 F.3d 732, 745-46 (9th Cir. 2002) (delay in providing care does not constitute deliberate indifference unless inmate suffers significant harm as a result).

The district court did not abuse its discretion by dismissing Duckett's third amended complaint without leave to amend because further amendment would have been futile. *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)

13-55372

(dismissal without leave to amend is not an abuse of discretion if amendment would be futile).

Duckett's contention concerning the district court's application of Fed. R. Civ. P. 201 is unavailing.

Duckett's request for judicial notice of his recent medical records, filed on April 22, 2013, is denied.

**AFFIRMED.**