NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LONNIE CLARK WILLIAMS, JR., | No. 18-55284 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-00113-BTM-RBB |
| v. | |
| DANIEL PARAMO, Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Submitted December 9, 2020[**]
San Francisco, California

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

California state prisoner Lonnie Clark Williams, Jr.[1] appeals pro se from the

district court's judgment dismissing her 42 U.S.C. § 1983 action alleging due

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1]     During the pendency of this appeal, appellant changed her name to Lonnie Mo'Niqué Williams-Turner.

process, deliberate indifference, and conspiracy claims against several prison officials. The district court sua sponte dismissed with prejudice Williams's amended complaint for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). We review de novo the district court's determination that the amended complaint failed to state any non-frivolous claim for relief, *see Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011), and we review for abuse of discretion the decision to dismiss without leave to amend, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). We affirm.

1. The district court did not err in its determination that Williams failed to state a due process claim based on the application of the "R" suffix to her file. The amended complaint does not allege sufficient facts to demonstrate that, even assuming application of the "R" suffix implicates a liberty interest, Williams was deprived of adequate process. *See Neal v. Shimoda*, 131 F.3d 818, 830 (9th Cir. 1997).

2. Nor was it error to dismiss Williams's Eighth Amendment claims. In connection with its preliminary screening under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), the district court permissibly took judicial notice of multiple actions in which Williams unsuccessfully pursued claims predicated on allegations that she was being poisoned daily through her food and concluded that the poisoning claim

alleged in the amended complaint in this action was duplicative and frivolous.[2] *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). The district court also appropriately dismissed Williams's Eighth Amendment deliberate indifference claim based on threats by gang members given Williams's transfer to a different prison and the absence of allegations of actual injury at the former prison where the threats allegedly occurred or any causal connection between the threats made and harms incurred at her current prison. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

3.      Because the district court permissibly concluded that Williams failed to state an Eighth or Fourteenth Amendment claim, the district court properly dismissed Williams's related conspiracy claims under 42 U.S.C. §1983. *See Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012). To the extent Williams's conspiracy claim relied on 42 U.S.C. § 1985, the amended complaint also lacks sufficient factual allegations to state a claim under that statute. *See Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (listing elements).

4.      Williams argues throughout her opening brief that she exhausted her administrative remedies. However, the district court did not dismiss any portion of the amended complaint based on a finding that Williams failed to exhaust available administrative remedies. Therefore, we do not consider the issue.

---

[2]      Defendants' motion for judicial notice (Docket Entry No. 19) is granted.

5.    Finally, the district court did not abuse its discretion by dismissing Williams's amended complaint without leave to amend because further amendment would have been futile.  *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988).

**AFFIRMED.**