**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| THE BANK OF NEW YORK MELLON, as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2005-41, Mortgage Pass-Through Certificates, Series 2005-41, FKA Bank of New York, <br><br>     Plaintiff-counter-<br>    defendant-Appellee, <br><br>   v. <br><br> 8933 SQUARE KNOT TRUST, <br><br>     Defendant-counter-claimant-<br>    Appellant, <br><br>  and <br><br> SPRING MOUNTAIN RANCH MASTER ASSOCIATION, <br><br>     Defendant. | No.   20-17338 <br><br> D.C. No. <br>2:17-cv-02177-JCM-NJK <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

---

      *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted November 15, 2021[]
San Francisco, California

Before: SCHROEDER, W. FLETCHER, and MILLER, Circuit Judges.

8933 Square Knot Trust appeals from the district court's grant of summary judgment in favor of the Bank of New York Mellon (BNYM). BNYM's predecessor-in-interest financed the purchase of a residence located within a homeowners' association (HOA) in Nevada. The homeowner failed to pay required dues, so the HOA foreclosed on the residence. *See* Nev. Rev. Stat. § 116.3102. BNYM's predecessor-in-interest tendered $535.50 to the HOA to satisfy the superpriority portion of the lien, but the HOA rejected the tender and sold the property to the Trust at the foreclosure sale. BNYM then brought this quiet-title action. Applying *Bank of America, N.A. v. SFR Investments Pool 1, LLC* (*Diamond Spur*), 427 P.3d 113 (Nev. 2018), the district court held that the foreclosure sale did not extinguish BNYM's deed of trust, and it granted summary judgment accordingly. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The Trust argues that the district court lacked subject-matter jurisdiction under 28 U.S.C. § 1332 because BNYM did not allege facts about the citizenship of the Trust's trustee. *See Johnson v. Columbia Props. Anchorage, LP*,

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

437 F.3d 894, 899 (9th Cir. 2006) ("A trust has the citizenship of its trustee or trustees."). We always have an obligation to determine our jurisdiction, so we review this issue even though it was not raised below. *Albrecht v. Lund*, 845 F.2d 193, 194 (9th Cir. 1988). The Trust does not argue that it is not diverse to BNYM; it argues only that its citizenship was not sufficiently established. But the Trust admitted in its answer that it was not a citizen of New York, the State of which BNYM is a citizen. The Trust has offered no evidence to suggest that its admission was untrue, and the district court was entitled to rely on it. *Railway Co. v. Ramsey*, 89 U.S. (22 Wall.) 322, 327 (1875).

2.      On the merits, the Trust argues that the district court erred in granting summary judgment in favor of BNYM because BNYM did not sufficiently prove tender of the superpriority portion of the lien. To prove tender, BNYM produced (1) an affidavit from Miles, Bauer, Bergstrom & Winters, LLP (Miles Bauer), the law firm that represented its predecessor-in-interest, explaining how it stored its business records; (2) a screenshot of Miles Bauer's recordkeeping system, demonstrating both that the firm tendered payment to the HOA and that its check was returned; (3) a letter from Miles Bauer to the HOA, asking for the ledger to determine the superpriority portion of the lien; (4) the HOA ledger, reflecting a monthly assessment rate of $59.50; (5) a letter from Miles Bauer to the HOA, stating it would pay the HOA the equivalent of nine months of assessments,

totaling $535.50, to satisfy the superpriority portion of the lien under Nev. Rev. Stat. § 116.3116; and (6) a copy of the check sent to the HOA. That evidence was sufficient to carry BNYM's burden to show that tender of the full superpriority amount was made.

Alternatively, the Trust argues that the letter accompanying BNYM's tender contained a misstatement of law that rendered the tender impermissibly conditional and thus invalid. Specifically, because the letter did not state that the superpriority portion of the lien included unpaid maintenance and nuisance abatement fees, the Trust argues that the letter purported to require the HOA to accept less than it was entitled to under the statute. But the ledger did not reflect any unpaid maintenance or nuisance abatement fees, and BNYM's tender equaled nine months of unpaid assessments. The tender therefore did not ask the HOA to accept less than it would have otherwise been entitled to under law, so it was not impermissibly conditional. *See Diamond Spur*, 427 P.3d at 118.

**AFFIRMED.**

4