FILED

FEB 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARK A. GODWIN,

               Plaintiff - Appellant,

   v.

ADAM CHRISTIANSON; et al.,

               Defendants - Appellees.

No. 14-16145

D.C. No. 1:13-cv-00950-GSA

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding[**]

Submitted February 17, 2015[***]

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Former California state prisoner Mark A. Godwin appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging denial of

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     Godwin consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

     [***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

access to the courts.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion the district court's denial of leave to amend, *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000), and we affirm.

The district court did not abuse its discretion by dismissing Godwin's first amended complaint without leave to amend after concluding that further amendment would be futile.  *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)); *Chappel*, 232 F.3d at 725-26 ("A district court acts within its discretion to deny leave to amend when amendment would be futile[.]"); *see also Lewis v. Casey*, 518 U.S. 343, 348-49 (1996) (requiring a litigant asserting an access to courts claim to show actual injury, such as prejudice to planned or existing litigation); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

**AFFIRMED.**