NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PENNY QUINTEROS,<br><br>      Plaintiff-Appellant,<br><br>  v.<br><br>INNOGAMES; et al.,<br><br>      Defendants-Appellees. | No.   22-35333<br><br>D.C. No. 2:19-cv-01402-RSM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted January 8, 2024[**]

Before:  BENNETT, SUNG, and H.A. THOMAS, Circuit Judges.
Partial Dissent by Judge BENNETT.

Plaintiff Penny Quinteros appeals pro se from the district court's dismissal

of her first amended complaint against Defendants. Quinteros's complaint alleges a

series of state and federal law claims, stemming from harassment Quinteros states

she suffered on Defendants' online video game platform, *Forge of Empires*. The

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Court assumes familiarity with the facts as alleged in the operative complaint, and with the district court's opinion below. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and reverse and remand in part so that Quinteros may be granted leave to amend her pleadings.

"We review the grant of a motion to dismiss de novo." *Kappouta v. Valiant Integrated Servs., LLC*, 60 F.4th 1213, 1216 (9th Cir. 2023). On a motion to dismiss, the Court considers the operative complaint and the documents attached to it, and we must accept well-pled allegations as true. *Koala v. Khosla*, 931 F.3d 887, 895 (9th Cir. 2019). The Court draws all reasonable inferences in plaintiff's favor, *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013), and construes pro se pleadings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).[1]

"[D]ismissal for failure to state a claim is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quotation omitted). Factual allegations, however, must

---

[1] While the Court construes pro se pleadings liberally, this grace "does not apply to practicing attorneys." *Huffman v. Lindgren*, 81 F.4th 1016, 1021 (9th Cir. 2023). Documents appended to the complaint indicate Quinteros was a law student when she filed this case. However, there is no evidence in the record indicating whether Quinteros is now an attorney, and we assume in this case that *Huffman* does not apply to law students. We leave it to the district court to determine whether *Huffman* applies to any future pleadings.

be plausible, and not merely speculative. *See DeHoog v. Anheuser-Busch InBev SA/NV*, 899 F.3d 758, 765 (9th Cir. 2018) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "Claims move beyond speculation when the allegations 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 972 (9th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

For the reasons explained below, the district court properly found Quinteros failed to state a claim as to all the claims raised in the complaint. However, for some claims, we affirm dismissal on different grounds.

1.     As an initial matter, the district court erred in concluding that the Communications Decency Act (CDA), specifically 47 U.S.C. § 230, immunizes Defendants from liability for Quinteros's negligence and defamation claims. Section 230 generally applies where a plaintiff seeks to treat (1) a provider of interactive computer services as (2) a publisher or speaker under a state law cause of action, of (3) information provided by a third party. *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1097 (9th Cir. 2019). Quinteros plausibly alleges that *Forge of Empires* moderators improperly accessed a sensitive image of hers, and

unlawfully disseminated that image.[2] These allegations do not treat Defendants as publishers or speakers and therefore are not covered by the CDA.[3] Additionally, § 230 concerns only the actions of third parties. *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc). Quinteros sufficiently alleges that moderators are not third parties within the meaning of the CDA, but rather individuals with some unspecified agency relationship to Defendants. Accordingly, the CDA does not immunize Defendants from the alleged actions of moderators.

2.     Although we conclude that § 230 does not immunize Defendants, we affirm the dismissal of Quinteros's negligence claims for different reasons. Quinteros alleges a handful of negligence claims relating to Defendants' recruitment and supervision of moderators. Quinteros sufficiently alleges that moderators are not

---

[2] The district court found that Quinteros's allegations that moderators improperly accessed her image were "fanciful" and therefore implausible. This finding, however, overlooked other factual allegations in the complaint, including allegations that: (1) Quinteros only sent the image to a single non-moderator, who confirmed he had not further distributed the image; (2) in two separate, detailed instances moderators had inappropriately accessed private information on the *Forge of Empires* platform. On a motion to dismiss, these allegations—combined with the pleading leniency afforded pro se plaintiffs—should have allowed the court to draw the reasonable inference that one or more moderators inappropriately accessed and disseminated Quinteros's image.

[3] Quinteros also appears to allege a violation of her privacy rights under Wash. Rev. Code § 9.73.030 based on these same allegations. Quinteros fails to state a claim under Washington law, however, because she does not allege that these violations occurred in Washington state, or at the behest of someone located in Washington state. *See State v. Fowler*, 139 P.3d 342, 347 (Wash. 2006).

4

third parties within the meaning of the CDA. However, she fails to allege specific facts that show the relationship between Defendants and moderators is sufficient to render Defendants vicariously liable for moderators' actions under Washington law. For instance, Quinteros does not allege facts that establish Defendants and moderators have an employer-employee relationship, which could give rise to vicarious liability under Washington law. *See Anderson v. Soap Lake Sch. Dist.*, 423 P.3d 197, 214 (Wash. 2018) (stating Washington imposes vicarious liability on an employer for the torts of an employee acting on the employer's behalf and within the scope of employment). And to the extent Quinteros alleges Defendants were negligent in their supervision of the moderators, she has not shown any of the defendants knew or should have known that moderators would pose a risk of danger to her. She does not plausibly allege, for instance, that Defendants were aware that similar messages had been intercepted in the past, or that Defendants had a reason to believe moderators would intercept such messages. Without more, Quinteros fails to state a claim for negligence.

3.     We also agree with the district court that Quinteros failed to state a claim for defamation. "The elements a plaintiff must establish in a defamation case are falsity, an unprivileged communication, fault, and damages." *Mohr v. Grant*, 108 P.3d 768, 773 (Wash. 2005). "Before the truth or falsity of an allegedly defamatory statement can be assessed, a plaintiff must prove that the words constituted a

5

statement of fact, not an opinion." *Robel v. Roundup Corp.*, 59 P.3d 611, 621 (Wash. 2002). Here, the district court properly found that the statements alleged in the complaint are not defamatory because they are not statements of fact. Read in context, these statements are nonactionable insults. *See id.* at 622 (undertaking a totality of circumstances test to conclude that "plainly abusive words not intended to be taken literally as statements of fact" such as "idiot" and "snitch" are not defamatory).

4.      Quinteros also fails to state a claim for negligent infliction of emotional distress. Washington courts allow claims for negligent infliction of emotional distress absent physical injury only where emotional distress is "within the scope of foreseeable harm of the negligent conduct." *Bylsma v. Burger King Corp.*, 293 P.3d 1168, 1170 (Wash. 2013). Because Quinteros fails to state a claim for negligent conduct, or plausibly allege any physical injury stemming directly from Defendants' conduct, she cannot state a claim for negligent infliction of emotional distress.

5.      Likewise, Quinteros fails to state a claim for intentional infliction of emotional distress. Such a claim requires showing conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Lyons v. U.S. Bank Nat'l Ass'n*, 336 P.3d 1142, 1151 (Wash. 2014);

6

*see also Kloepfel v. Bokor*, 66 P.3d 630, 632 (Wash. 2003) (outrageous conduct generally does not include "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities"). Here, Quinteros only alleges that Defendants inconsistently applied certain rules to her, helped her alleged harassers ban her from the game, and attempted to cover up the misconduct of moderators. None of these allegations rise to the level of outrageous conduct.

6.     The district court properly dismissed Quinteros's gender discrimination in public accommodations claim, which it construed as an alleged violation of Wash. Rev. Code § 49.60.215. To make a prima facie case of gender discrimination, Quinteros must show that her gender was a substantial factor causing the alleged discrimination. *See W.H. v. Olympia Sch. Dist.*, 465 P.3d 322, 325 (Wash. 2020). The district court correctly found Quinteros's allegations as to this claim were vague and conclusory.

7.     Quinteros also fails to meet the heightened pleading standards for fraud. *See* Fed. R. Civ. P. 9(b) (fraud must be pled "with particularity"); *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1145 (9th Cir. 2021) (stating particularity includes the "who, what, when, where, and how" including what is false and why); *see also Adams v. King Cnty.*, 192 P.3d 891, 902 (Wash. 2008) (outlining the nine elements for fraud under Washington law). Here, Quinteros's main allegation is that Defendants represented that game rules on the *Forge of Empires* platform would

7

be applied fairly when they were applied unfairly. However, she fails to allege with particularity what specific statements Defendants made to her, who made these statements, when, and how she was deceived.

8.     Quinteros fails to state a claim for unfair business practices under Washington's Consumer Protection Act (CPA), Wash. Rev. Code § 19.86.020. A private plaintiff bringing a CPA claim must show that their lawsuit would serve the public interest. *Michael v. Mosquera-Lacy*, 200 P.3d 695, 700 (Wash. 2009). Washington courts consider a number of factors to assess whether a claim concerns the public interest, including whether acts: (1) were carried out in the course of business, (2) were part of a pattern or generalized course of conduct, (3) were repeated prior to the involvement of the plaintiff, (4) created a "real and substantial potential for repetition," and (5) if the act is a single transaction, whether many consumers were affected. *Mason v. Mortg. Am., Inc.*, 792 P.2d 142, 148 (Wash. 1990); *see also Michael*, 200 P.3d at 700 (identifying similar factors). Applying the *Mason* factors to Quinteros's complaint, she fails to allege that her CPA claims concern the public interest.

9.     Quinteros fails to state a products liability claim based on a design defect. "The elements of proof for a design defect products liability claim require a showing of (1) a manufacturer's product (2) not reasonably safe as designed (3) causing harm to the plaintiff." *Pagnotta v. Beall Trailers of Oregon, Inc.*, 991 P.2d

8

728, 732 (Wash. Ct. App. 2000) (citing Wash. Rev. Code § 7.72.030(1)); *see also Ayers By & Through Ayers v. Johnson & Johnson Baby Prods. Co.*, 818 P.2d 1337, 1340 (Wash. 1991). Here, Quinteros conclusorily alleges that Defendants created an unsafe product that causes gaming addiction in its consumers. While she identifies certain features of *Forge of Empires* which she asserts are addictive and harmful, she fails to allege specific, factual allegations that are sufficient to show that the game was, as designed, unreasonably addictive. Consequently, the allegations fail to state the second element of the design defect claim.

10.     The district court properly dismissed Quinteros's breach of contract claim, finding Quinteros failed to plead a material breach that caused damages to her. "A breach of contract is actionable only if [1] the contract imposes a duty, [2] the duty is breached, and [3] the breach proximately causes damage to the claimant." *Nw. Indep. Forest Mfrs. v. Dep't of Lab. & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995) (citing *Larson v. Union Inv. & Loan Co.*, 10 P.2d 557 (Wash. 1932)). "Washington courts have recognized that a party must be intended as a third-party beneficiary to benefit from a contract." *Minton v. Ralston Purina Co.*, 47 P.3d 556, 562 (Wash. 2002). Quinteros fails to plausibly allege the existence of a contract between her and Defendants, which imposed an obligation on Defendants to refrain from transmitting images or engaging in verbal harassment. Likewise, none of the allegations in the complaint represent that Quinteros is a third-party beneficiary of

9

an agreement between Defendants and other users.

11. Quinteros also fails to make a claim for promissory estoppel. To make out a promissory estoppel claim, a promise must be "clear and definite" and include "manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made." *Washington Educ. Ass'n v. Washington Dep't of Ret. Sys.*, 332 P.3d 428, 435 (Wash. 2014) (citations and quotations omitted). Quinteros fails to allege a clear and definite promise. She alleges only that she "relied on [unspecified] statements of fairness" for her promissory estoppel claims.

12. The district court also properly dismissed Quinteros's copyright infringement claim. Quinteros alleges the copyright violation here took place *before* she registered the photograph in question with the U.S. Copyright Office. However, Quinteros "is entitled to statutory damages and attorneys' fees only to the extent infringement occurred after the work was registered." *Enter. Mgmt. Ltd., Inc. v. Construx Software Builders, Inc.*, 73 F.4th 1048, 1056 n.6 (9th Cir. 2023) (citing 17 U.S.C. § 412). Because Quinteros fails to allege any other damages arising from the alleged copyright infringement with any specificity, this claim was properly dismissed.

13. Quinteros's gender discrimination in employment claim fails because it simply recites the elements of a cause of action, and fails to contain "sufficient

10

allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Specifically, Quinteros merely asserts "[u]pon information and belief, the reason [she] was not hired [was] because she was a woman[.]" Quinteros alleges no underlying facts to support this bald assertion, and without more, she does not elevate her claim from the speculative to the plausible.

14.    Finally, we conclude that the district court abused its discretion in denying Quinteros, a pro se plaintiff, leave to amend. Even where a plaintiff fails to state a claim, district courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule is liberally applied for pro se litigants. *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012). A district court's denial of leave to amend is reviewed for abuse of discretion, and a "court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities." *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016). Here, amendment would not be futile. Quinteros could plead additional facts to cure the various deficiencies identified above. And under the liberal standard we apply to pro se litigants, Quinteros should be given more than one opportunity to cure the deficiencies in her pleading.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**

11

FILED

JAN 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BENNETT, Circuit Judge, dissenting in part:

I respectfully dissent from the majority's holding that the district court abused its discretion in denying Quinteros leave to amend her complaint a second time. Even with a liberal policy favoring amendment for pro se litigants,[1] "[a] district court acts within its discretion to deny leave to amend when amendment would be futile." *Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000); *see also Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir.), *amended,* 856 F.2d 111 (9th Cir. 1988) ("If the district court determines that the 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' then the dismissal without leave to amend is proper." (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986))).

The majority states without elaboration that "Quinteros could plead additional facts to cure the various deficiencies identified above." Mem. at 11. But I don't know what possible additional facts Quinteros could plausibly allege to cure the significant (and to me incurable) deficiencies in her complaint, and the majority identifies none. And neither in the district court, nor on appeal, has Quinteros identified any such facts.

---

[1] Quinteros, a law student while this case was pending in district court, is now a licensed attorney.

Plus, here, Quinteros has already been afforded the opportunity to amend her complaint. "[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'" *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999)); *Godwin v. Christianson*, 594 F. App'x 427, 428 (9th Cir. 2015) (applying this rule to a pro se prisoner); *Snyder v. Allison*, F. App'x 329, 330 (9th Cir. 2021) (same).

I believe the district court did not abuse its discretion in denying Quinteros a second opportunity to amend her complaint, and thus I respectfully dissent from that portion of the majority's disposition.

2